Lyman *v.* Windsor et al.

JOB LYMAN *v.* WINDSOR, WEST WINDSOR, AND EDWIN
EDGERTON.

[This case was heard, March term, 1852, in Windsor County.]

*Town Clerks,— their official duty. Liability of towns for the de-
fault of their Town Clerks. Misjoinder.*

Where the plaintiff, in an action against the town and town clerk, for a breach of offi-
cial duty on the part of the town clerk, set forth in his declaration, the averments,
*in substance,* that the town clerk, being inquired of by the plaintiff, at the time of
their negotiation, (the said negotiation being with the town clerk for the purchase
of certain lands,) whether there was any incumbrance of record upon the land
which he was about to purchase, and being requested, if there was, to show the
record of it to the plaintiff, neglected and refused to show the record, and did not
disclose the fact that such incumbrance existed, but concealed the same.    The
inquiring and request of the plaintiff, being alledged to have been addressed to
the defendant in his official capacity, and his conduct which ensued, being also
alledged in the same character, it was *held,* that the facts alledged are sufficient
to entitle the plaintiff to redress under the statute.

And where it was further charged, that although defendant Edgerton knew the
plaintiff to be ignorant of the incumbrance, he concealed the fact of its exist-
ence, furnishing no clue or guide by which the record of it might be discovered,
*held,* that an official neglect and violation of duty are sufficiently alledged.   And'
that the additional averments of this count, that the plaintiff was thus induced to
complete his purchase, believing the land to be unincumbered, except by the
lease to Dunbar and White, and was consequently obliged to incur a heavy loss
by the reason of the previous mortgage to George and Edward Curtis, held that
a legal cause of action is here stated, as well against the defendant town, as
against the town clerk.

And it was *held,* that the liability of the town, in a case of this description, is
equally original and direct as that of their delinquent town clerk or constable.
And that no previous recovery or suit against the officer, is necessary in order to
perfect a right of action against the town for his default.

The enactment, that the town "shall be liable to make good all damages," &c., is
held to render them immediately answerable for the official misconduct or neglect
of the officer, to any person sustaining injury thereby.   This is neither more nor
less than the liability of the officer himself.   Both are made liable in the same
form of action, and may be subjected upon the same evidence.   Hence, a joint
action can be sustained against the two parties liable.

ACTION ON THE CASE, for the default of the defendant Ed-
gerton, as town clerk of the former town of Windsor, now Windsor

and West Windsor. The declaration is in four counts. In each, the following facts are alledged, viz.: That defendant Edgerton, from March, 1835, to March, 1841, was legally chosen and officiated as town clerk of the then town of Windsor, (now Windsor and West Windsor.) That June 10, 1835, he, with his wife, executed a mortgage of certain lands in Windsor, to George and Edward Curtis, conditioned to secure his note to them bearing date the first of May, previous. That said mortgage was lodged with him for record, and was by him, as town clerk, recorded, without making any index or reference to the record, and none existed as long as he continued to be town clerk.

That afterwards, on the 4th day of February, 1839, well knowing that said incumbrance still existed in fact and upon the record, and that there was no such index or reference, and that plaintiff had no knowledge of said incumbrance, but fully believed there was none, sold to the plaintiff, and received pay for the same to the full value of the lands purchased, and by deed of himself and wife, granted and conveyed the same to plaintiff, as being free and clear (as specified in said deed) from all incumbrance, except a certain lease then held by Dunbar & White; and the plaintiff's said deed was duly recorded the 7th day of the same month.

That the plaintiff, at the time of such purchase, did not know of such incumbrance, and never learned of its existence until the bill was served upon him in favor of said George and Edward Curtis, brought to foreclose their mortgage, in October, 1845, at which time said Edgerton had become and has ever since remained wholly insolvent; and that the plaintiff would not have made said purchase, had he known of said incumbrance.

That said George and Edward Curtis pursued their said bill, and in May, 1849, obtained a final decree against plaintiff and others, and that plaintiff has had to pay a large sum to redeem his lands from said incumbrance. That he has thereby suffered damages, &c.

The allegations of Edgerton's duty, as town clerk, and of breaches in the first and second counts, are, in substance, as follows :—

1st Count. *Duty:* (1.) To have made and kept open to inspection, such an index or reference to the record of the mortgage : (2.) Or to have disclosed the existence of the incumbrance to plaintiff, at the time of his purchase.

*Breach*, That he did neither.

2D COUNT. *Duty:* (1.) To have made and kept, such an index or reference: (2.) And, at the time of negotiating said trade with plaintiff, on proper request, to have shown to plaintiff the record of the mortgage: (3.) Or, upon inquiry relative to incumbrances, made by plaintiff, of said Edgerton, at the time of negotiating the trade, to have *in some way* disclosed to the plaintiff, the fact of the incumbrance.

*Breaches.* (1.) That he made and kept no index, &c. (2.) That, although said Edgerton was inquired of by plaintiff, whether there was any incumbrance of record, at the time of negotiating; and at same time plaintiff requested him, if there was any such record of incumbrance, to show plaintiff the record; yet said Edgerton did not show the record, or disclose the fact of the incumbrance.

General demurrer to the declaration. The county court, May term, 1851,— PIERPOINT, J., presiding, upon said demurrer, rendered judgment that the declaration is insufficient by reason of the misjoinder of said Edgerton, as party defendant, with said towns. Exceptions by plaintiff.

*E. Hutchinson, Tracy, Converse & Barrett* for plaintiff.

1. The plaintiff insists there was no misjoinder. If a suit would lie against either defendant, if sued alone, it can be sustained against them jointly.

Towns are made liable for the neglects or defaults of their town clerks, &c. Slade's Ed. Stat. 420, § 2. Revi. Stat. 89, § 27.

That a suit could be sustained aginst either the town or the clerk, will not be denied.

If against either, then surely against both, separately, at the same time.

If against both, separately, then why not against them jointly?

The very evidence which would make one liable, would make the other also. What would excuse one, would excuse the other also.

The same allegations necessary to raise the liability of one, would make the other liable also.

Their liability is inseparable.

There are cases, when it is said the master and servant cannot be joined. But in such cases, the master is either not liable at all,

or in a different form of action from what is applicable to the servant. If the master directs or encourages the servant to commit an act of trespass, or assents to it, they are both liable in trespass, and may be joined.

Now if the master and servant do any act, or are guilty of neglect, which would make them liable in *case,* is there any less reason for joining them?

The true rule seems to be, where the same form of action, sustained by the same proof, will lie against two or more, they may be joined as defendants.

In *Wright* v. *Wilcox,* 19 Wend. 345, Cowen, J., says, "Wheth-"er the principal and inferior may be charged jointly, depends "on a trespasser *vi et armis,* or in case only. If the latter, they "may be sued jointly," &c.

The same rule is laid down in Hammond on Parties, 95, 96 and 97. Also in *Brown* v. *Lent,* 20 Vt. 529, see opinion by Davis, J., p. 531.

In *Moreton* v. *Harden et al.,* 10 C. L. R. 316, where one of the proprietors of a stage coach was driving, and ran against plaintiff's cart, it was held, that an action on the case for negligence would lie against all three. It being objected that trespass was the proper action against the driver, Bailey, J., said, "It is a suffi-"cient answer to say, that the plaintiff had a right to sue all the "defendants, and that trespass clearly could not lie against them "all; such action might perhaps be maintained against the driver, but not against the other defendants." 6 D. & R. 275.

In *Wilson* v. *Peto & Hunter,* 17 C. L. R. 13, which was a case for obstructing lights. Hunter was clerk for Peto in erecting the buildings. Hunter complained, and claimed that he ought not to be joined; but the court *held* them properly joined, as the clerk was present and superintended the work.

There are cases where either tresspass or case will lie. *Waterman* v. *Hall et al.,* 17 Vt. 128. And where there may be such choice of actions against some, and only case against others, they may all be joined in *case. Williams* v. *Holland,* 25 C. L. R. 50. 25 C. L. R. 261, same case.

2. The declaration is in other respects sufficient. It was the duty of the town clerk to disclose the true state of the title to the premises.

*Washburn & Marsh* for defendants.

1. The declaration is defective, upon demurrer, for the misjoinder of defendants. The action is brought against the town and the town clerk jointly, but if they are each liable, it is for causes of action distinct in their nature, and not for a joint tort. The town clerk is liable, if at all, at common law, for the wilful fraud alledged in the declaration ; or, under the statute of 1797, for his neglect of duty. But the town is liable solely by virtue of the statute of 1816, which imposes upon them a liability to make good the damages occasioned by the default of the town clerk. The town have committed no *tort,* and they are only liable to be sued in *case,* because that form of action is prescribed by the statute. The town clerk is charged with a *wilful tort.* Even in the case of master and servant, the master cannot be joined as defendant, for a wilful trespass committed by the servant, and it can make no difference, that the offence is a non-feazance, if the omission be charged as wilful, and with malicious intent, on the part of the servant. As against the town, a further allegation is required than against the town clerk, to wit, that the town is by law responsible for the default of the town clerk. The *act* of the town clerk is not the *act* of the town, as in case of master and servant, but the town is liable to " *make good the damages* " occasioned by the act.

Previous to the statute of 1816, no action could have been sustained against the town, and, of course, the town and town clerk could not have been joined. The statute of 1816 has not changed the rule in this respect, and the defect being apparent upon the face of the declaration, it is fatal upon general demurrer. 1 Chit. Pl. 72, 74. *Campbell* v. *Phelps,* 1 Pick. 62, 16 Vt. 608.

2. The declaration is defective, as against the towns, in omitting to aver that the plaintiff made any examination for the purpose of ascertaining whether the mortgage deed was indexed or not.

The action is *case,* brought to recover the *damages* sustained by the plaintiff by reason of the misconduct of the town clerk. It is essential that *the damages should have been occasioned by such misconduct ;* if not so occasioned, the plaintiff cannot complain of the misconduct.

The misconduct alledged was not official, and does not render the town liable. The plaintiff relied solely upon the personal as-

surance and good faith of Edgerton, and in no respect upon his
official position. The inquiries were not made of Edgerton, be-
cause he was *then* town clerk, nor did his *then* holding the office
enable him more satisfactorily to answer them. The answer
would have been the same, and the effect the same, if he had
ceased to be town clerk in March, 1836. This deprives the plain-
tiff of all pretence for saying, that the misconduct was *official.*

3. The omission to index the mortgage, was not the neglect of
a duty, on the part of the town clerk, for which the town is re-
sponsible.

It was the duty of the town clerk truly to record the mortgage.
Sl. Stat. 415, § 20. And it has been decided by this court, in the
case of *Curtis* v. *Lyman,* that this requirement was complied with,—
that the deed *was truly recorded.*

The opinion of the court was delivered by

Royce, Ch. J. Several of the questions now made in argu-
ment, were decided in *Hunter* v. *Windsor and West Windsor,* at
the last term. And, treating the points then determined as being
settled for this case also, we have at present only to inquire,—
1st, whether the alledged injury to the plaintiff, sufficiently appears
to have resulted from any breach of official duty on the part of
the defendant Edgerton; and 2d, whether there is a misjoinder of
defendants.

The first question will be considered in reference only to the
second count in the declaration. For, if the allegations in this
count are sufficient to determine the question in favor of the plain-
tiff, it becomes unnecessary to pass upon the sufficiency of the
other counts. The averments peculiar to this count, are, in sub-
stance, that Edgerton, being inquired of by the plaintiff, at the
time of their negotiation, whether there was any incumbrance of
record upon the land, which he was about to purchase, and being
requested, if there was, to show the record of it to the plaintiff,
neglected and refused to show the record, and did not disclose the
fact that such incumbrance existed, but concealed the same. Now
without relying for any decisive effect in this case, upon the failure
of Mr. Edgerton to keep an alphabet or index, pointing to the re-
cord of his mortgage to George and Edward Curtis, we think the
other facts here alledged sufficient to entitle the plaintiff to redress

under the statute.  The inquiry and request of the plaintiff, are alledged to have been addressed to the defendant Edgerton in his official capacity, and his conduct which ensued, is also alledged in the same character.  And such, indeed, is the sense in which the transaction would be more properly understood.  The inquiry was, whether there was any such incumbrance of record "in his office," which could mean no other than his office as town clerk; that being the only place in Windsor for such record to be made or kept. And the request was, that he would show the record, if one existed;—a request obviously referring to that official custody and control of the records which would rightfully enable him to exhibit them.  Had he complied with the request, it would seem that in so doing he must have acted officially.  And since we must suppose Mr. Edgerton to have been fully aware of the incumbrance, and the record of it, (which fact is moreover expressly charged in this count and others,) his neglect and refusal to show the record, upon a request so manifestly timely and reasonable, could be nothing less than a default in official duty, unless he disclosed the existence of the incumbrance, or put the plaintiff in a way to find the record of it by examination.  But it is charged, that although he knew the plaintiff to be ignorant of the incumbrance, he concealed the fact of its existence, furnishing no clue or guide by which the record of it might be discovered.  We think an official neglect and violation of duty are sufficiently alledged.  And as it appears, from the additional averments of this count, that the plaintiff was thus induced to complete his purchase, believing the land to be unincumbered, except by the lease to Dunbar & White, and was consequently obliged to incur a heavy loss, by reason of the previous mortgage to George and Edward Curtis, we consider that a legal cause of action is here stated, as well against the defendant towns as against the town clerk.

It may be premised in reference to the other question, that the liability of the town, in a case of this description, is equally original and direct as that of their delinquent town clerk or constable. No previous recovery or suit against the officer is necessary, in order to perfect a right of action against the town for his default.

The statutory enactment, that the town " shall be liable to make " good all damages," &c., is held to render them immediately answerable for the official misconduct or neglect of the officer, to any

person sustaining injury thereby. This is neither more nor less than the liability of the officer himself. Both are made liable in the same form of action, and may be subjected upon the same evidence.

Hence, no solid objection is perceived to a joint action against the two parties liable. The person injured cannot be restricted to an action against one only of these parties, and if he seeks his remedy against both, it is not apparent why two actions of the same kind should be required to enforce precisely the same liability. So far as the analogy extends between such a case as the present and those growing out of the relation of master and servant, the views now expressed receive countenance from the tendency of modern authority in the latter cases. The inclination evidently is, to sanction a joint action against the master and servant, for the default of the latter, provided the appropriate form of action against each would be *case*, and not *trespass*.

It is true, that the liability of a town in this class of cases, would not arise upon common law principles. But when it is created by statute, and made to co-exist with that of their officer in the manner before stated, we are disposed to hold that the prescribed action on the case is warranted jointly against the town and the officer, as well by a just construction of the statute itself, as by analogy to the cases against master and servant. The result is, that in our opinion there is not a misjoinder of defendants.

The judgment of the county court is therefore reversed, and the declaration is adjudged to be sufficient.